**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LAKE,<br>Plaintiff,<br>v.<br>RATTLESNAKE PINE, LLC, et al,<br>Defendants. | Case No.: 26-cv-2911-BJC-GC<br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(m) AND MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**<br>**[ECF Nos. 3-4, 6]** |

Before the Court is Plaintiff James Lake's ("Plaintiff") Motion to Extend Time to Effect Service of Process Pursuant to Federal Rule Civil Procedure 4(m) ("Motion to Extend Time"), ECF No. 3, and Plaintiff's Motion for Leave to Electronically File Documents ("Motion to E-File"). ECF No. 6. For the foregoing reasons, this Court hereby **GRANTS** Plaintiff's Motion to Extend Time and **GRANTS** Plaintiff's Motion to E-File.

**BACKGROUND**

Plaintiff filed his Complaint on May 8, 2026. ECF No. 1. That same day, the Clerk issued a Summons. ECF No. 2. Under Fed. R. Civ. P. 4(m), Plaintiff was required to serve Defendants within 90 days by August 6, 2026.

On August 6, 2026, Plaintiff filed this Motion to Extend Time, following multiple failed attempts to serve Defendants by a registered process server, Nationwide Legal. ECF No. 3 at 2-3. Plaintiff seeks a 120-day extension to complete service, "including through court-ordered service by publication and service of the entity Defendants through their statutory agent or the Secretary of State." *Id*. at 2. Plaintiff further indicated that, "[i]f the 90-day period expired on August 5, 2026, before service could be completed, Plaintiff intends promptly to move for leave to serve Defendant Yamamoto by publication, to conduct further locating efforts as to Defendant Kushkyan, and to serve the entity Defendants through their agent for service of process or the California Secretary of State." *Id*. at 3 (citing ECF No. 4 (Lake Declaration) at ¶¶ 8-9).[1] Plaintiff has not filed a separate motion seeking leave to serve Defendant Yamamoto by publication or to serve the entity Defendants through their agent for service of process or the California Secretary of State.

## LEGAL STANDARD

### A. Extension Under Rule 4(m)

Rule 4 of the Federal Rules of Civil Procedure allows a plaintiff to effectuate service of process as permitted by (1) the law of the state in which the district court is located or where service is made or (2) by any of the following approved methods: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Service must be effectuated within 90 days of the filing of the complaint. *See* Fed. R. Civ. 4(m). However, Rule 4(m) requires district courts to grant an extension of time to effect service upon a showing of good cause. *Id*. In the Ninth Circuit, there is not a "specific test" that courts "'must apply in exercising its broad discretion'" to grant (or deny) extensions under

---

[1] As of the date of this issued order, it has been over 150 days since Plaintiff filed the complaint. There is no indication that Plaintiff has served any Defendant to date.

Rule 4(m). *Turner v. United States*, 2008 WL 11337559, at *1 (S.D. Cal. Apr. 10, 2008) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)).

## DISCUSSION

### A. Plaintiff's Motion to Extend Time to Serve Defendants

Plaintiff failed to comply with Rule 4(m) because the time to serve Defendants expired on August 6, 2026. Nonetheless, the Court finds an extension of time is appropriate upon a showing of good cause. The good cause standard applies to Plaintiff's request because Plaintiff submitted evidence showing service was impractical in the time allotted. ECF No. 3 at 2-3. In his declaration, Plaintiff detailed his efforts to locate the address for Defendants. ECF No. 4 at ¶¶ 3-4. Specifically, Plaintiff "retained two separate private investigation agencies to locate the Defendants," who searched records to determine their addresses, including "real property records, property tax records, California Secretary of State business entity records, and credit-header record databases." *Id*. at ¶ 3. Following this search, Plaintiff then "retained a second agency, to independently verify the first agency's findings and to conduct additional investigation." *Id*. After thorough investigation, Plaintiff retained Nationwide Legal to effect personal service on Defendants, none of which were successful. *Id*. at ¶¶ 4-7. The process server attempted to serve Defendant Yamamoto three times, Defendant Rattlesnake Pine, LLC three times, and Defendant Kushkyan once. *Id*. at ¶¶ 5-7.[2]

Together, Plaintiff's investigation and diligence are sufficient to demonstrate good cause requiring an extension of time to effectuate service. *See Marathon Pet. Co. LP v. Highland Cargo Inc.*, 2024 WL 3297488, at *1 (S.D. Cal. July 3, 2024) (finding an extension of service is appropriate upon showing that service was impracticable after several failed attempts to effect service). Therefore, the Court grants Plaintiff's request for a 120-day extension of time to effectuate service. As Plaintiff submitted this request on

---

[2] Plaintiff failed to attach Exhibits A-C, which appear to be the Nationwide Legal Diligence Report regarding the service on Defendants.

August 6, 2026, the new deadline to serve Defendants is December 4, 2026.

Plaintiff's Motion to Extend Time appears to request a 120-day extension to complete service, including by means of court-ordered service by publication for Defendant Yamamoto and/or service of the entity Defendants through their statutory agent or the Secretary of State. ECF No. 3 at 3. Plaintiff must seek leave and move separately to effectuate service by publication and/or through the California Secretary of State. Plaintiff seems to understand this since he stated in his Motion to Extend Time that, if he could not complete service by August 5, 2026, then he would promptly move for leave to serve by publication or to serve entities through the California Secretary of State. *Id*. Plaintiff never filed a motion for leave to effectuate service via these alternate methods. Accordingly, Plaintiff's extension to effectuate service under Rule 4(m) does not entitle him to effectuate service via alternative means, including publication or through the California Secretary of State. Plaintiff is limited to the methods of service as enumerated in Rule 4(e)(2).

**B. Plaintiff's Motion to Electronically File Documents**

Also pending before the Court is Plaintiff's Motion to E-File. ECF No. 6. In his Motion to E-File, Plaintiff "respectfully ask[s] the Court for permission to participate in electronic filing ('e-filing') in this case." *Id*. at 1. Plaintiff represents that he has reviewed the rules and policies in the Court's Electronic Case Filing Administrative Policies and Procedures Manual. *Id*. He also affirms his access to the technical requirements necessary to successfully e-file, and his understanding that, should his use of the Court's e-filing system be unsatisfactory, Plaintiff's e-filing privileges may be revoked. *Id*.

"Unless otherwise authorized by the [C]ourt, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form." CM/ECF Manual, § 2(b) (S.D. Cal. Jan. 16, 2026). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures

Manual." *Id*. Plaintiff has met these requirements. Accordingly, the Court grants Plaintiff's Motion to E-File.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Extend Time to Effect Service. ECF Nos. 3-4. Service upon Defendants must be completed no later than December 6, 2026. Plaintiff is not entitled to serve Defendant Yamamoto by Publication or Defendant entities through the California Secretary of State.

The Court **GRANTS** Plaintiff's Motion to Electronically File Documents. ECF No. 6. Pursuant to the CM/ECF Manual Section 2(b), Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days of this Order.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Honorable Benjamin J. Cheeks
United States District Judge